OLD UNDERWRITERS, INCORPORATED, ETC. *v.* HIMSEL, ADMINISTRATOR, ETC., ET AL.

[No. 18,401. Filed December 18, 1953.]

*Gray and Waddle,* of Petersburg, for appellant.

*Hastings, Allen & Hastings,* of Washington, and *Shake & Shake,* of Vincennes, for appellees.

KELLEY, J.—In November, 1946, the operator's license of appellant's insured was suspended by the Commissioner of Motor Vehicles of the State of Indiana. For the purpose of securing reinstatement of such operator's license, appellant, pursuant to application of insured and in compliance with the requirements of Ch. 175 of Acts 1943, as amended by Ch. 355 of Acts 1945, (said Acts were repealed by Acts 1947 and now appear in Burns' 1952 Replacement, as Sections 47-1044—47-1088) issued to the insured an Operator's Policy of Liability Insurance in the amount of and commonly known as Bodily Injury $5/10,000.00. As proof of the issuance of said policy to said insured, the appellant, pursuant to the requirements of §§16 and 17 of said Ch. 175, Acts 1943, filed with said Commissioner its written certificate, referred to as Indiana Financial Responsibility Insurance Certificate, setting forth therein pertinent facts concerning said policy and the

representation that the policy covered "the legal ability of the Named Assured for accidents which occur while the Named Assured is personally in control, as driver, of any motor vehicle other than a motor vehicle owned or registered in the name of the Named Assured. . .".

Thereafter and while said policy was in force and effect, said insured, then operating and driving an automobile belonging to his father, allegedly struck the appellee Administrator's decedent, causing his death. By reason of his alleged wrongful act, said insured, in an action instituted by said appellee administrator, suffered a judgment against him of $10,000.00 and costs. At the time of the occurrence which allegedly caused the death of said decedent, the father of said insured had in force and effect a policy of liability insurance upon his said automobile issued by an insurer other than the appellant. The said insurer of the said automobile of the insured's father paid on said judgment the sum of $5,000.00, the same being in full of its liability under its said policy.

In appropriate proceedings to enforce the alleged liability of appellant upon its said policy, such issues were submitted to the court for trial, without jury, as resulted in a finding that appellees recover of appellant the sum of $5,906.55, together with interest thereon at the rate of six per cent per annum from date of judgment until paid, and costs. Consistent judgment followed. Appellant moved for a new trial specifying that the decision is not sustained by sufficient evidence and that it is contrary to law, which motion was overruled. The overruling of said motion for a new trial is assigned as error. A further assignment of error is expressly waived by appellant.

Appellant urges two contentions. First, it asserts that under the express provisions of §7, Ch. 175 of

said Acts of 1943, the payment of $5,000.00 on said judgment by the insurer of the automobile of the insured's father had the effect of relieving and discharging appellant from any liability upon its said policy.

Said §7 of said Act, to be intelligible, must be read in conjunction with §6 of said Act. §6, in substance, requires the commissioner, upon receipt of authenticated report, to suspend the license, certificates, and plates of any person who, for a period of thirty days, has failed to "satisfy" any judgment in excess of $25.00 rendered against such person because of property damage or personal injury to or death of any person arising out of the use of any motor vehicle upon the public highway. The initial sentence of §7, and clause (a) thereof, provides, in substance, that when $5,000.00 has been credited upon any judgment rendered in excess of that amount because of bodily injury to or death of one person resulting from one accident, the judgment, "for the purpose of this act," shall be deemed satisfied.

The mere recital of the said substantive provisions of said §§6 and 7 of said act makes clear that the judgments deemed "satisfied" by the act, as a consequence of the required credit, are "deemed" so satisfied only for the purpose of the act. We construe such "purpose" of the act, as the quoted word is therein expressed in connection with the attendant subject matter, to mean that judgments in the act referred to shall be considered "satisfied" with reference and regard only to the aims, objects, and ends sought to be attained by the act and without reference to matters unconnected with or outside the purview of the act. With more particularity and conciseness, it may be stated that under the act a judgment for an amount in excess of $5,000.00 is, with relation to the

exercise of the authority and duty enjoined upon him by said §6, to be considered by the commissioner as "satisfied," and not unpaid, when $5,000.00 has been credited upon such judgment.

Nowhere in the act does there appear a legislative intent to regulate, impair, or limit the contract obligation of the appellant, voluntarily assumed by it upon a valid consideration, to pay damages legally assessed against its insured. The sections of the act under consideration endeavor only to prescribe the circumstances under which the commissioner shall exercise the power of suspension and the conditions which must exist in order to avoid or prevent the exercise by him of such powers. We fail to perceive wherein they have any influence whatsoever upon the contract existing between appellant and its insured.

Under the terms of the act, the insured, instead of furnishing security in the form of an insurance policy, could have deposited money as authorized by §15 and §23 of the act. The latter mentioned section provides that such money shall be subject to execution to satisfy any judgment within the limits of coverage and amounts required under §14 and §16 of the act for motor vehicle liability policies. Could it be contended, with any show of reason, that, under the circumstances prevailing in this case, such money would not be subject to execution for the satisfaction of the $5,000.00 remaining unpaid on the judgment against the insured? The policy furnished by the insured or the money deposited by him have identical purposes, that is, the indemnification of innocent third persons and the protection of the public. It does not appear from any part of the act that the legislature intended to favor the former with defenses, limitations, and exceptions for the benefit of the insurer while leav-

ing the latter open and available without benefit of any kind of defense.

Appellant undertook with its insured, upon consideration of the premiums paid to it, to pay, within the limit of its policy, for damages legally imposed upon the insured. It has failed to abide by its undertaking. Instead, it asserts it is not liable thereon because, by statutory provision, a $10,000.00 judgment has been satisfied by the payment of $5,000.00, and there remains no further obligation for it to meet, notwithstanding that its insured, whom it undertook to protect, remains obligated on the judgment. Such a construction of the statute would be both absurd and unjust, and further, such interpretation would render the act subject to serious consideration as impairing the validity of the contract.

To hold as appellant contends would be tantamount to extending legal sanction to the precarious concept that the very provisions of the act which necessitated, and pursuant to which, appellant furnished its policy for the purpose of providing a measure of security to the users of the highways, now affords and can be utilized by appellant, as an avenue of escape from liability upon such security. Appellant has lead us to no authority nor has it advanced any logical reason countenancing such a perverted construction of the cited statute. It follows that appellant's first contention cannot be sustained.

Appellant's second contention is that the insurance policy covering the automobile of insured's father constituted concurrent insurance within the meaning of the "Concurrent Insurance" clause in appellant's policy, reading as follows:

"Concurrent Insurance. If, at the time of accident or loss, there be any other insurance on a

risk covered by this contract, valid or invalid, on the vehicle covered herein which would attach if this contract had not been written, then this contract shall be null and void to the extent of such other insurance."

and, by reason of such existing concurrent insurance, there was a breach of the said concurrent provision of appellant's policy which rendered its said policy void and relieved appellant from any obligation thereon. This contention fails by virtue of the express provisions of Agreement F., of appellant's policy which provides, in part:

". . . that if the named assured herein is covered under a policy taken out by the owner or operator of the automobile loaned to the named assured herein, then the coverage under this clause shall be excess coverage *over and above* such other insurance." (Our emphasis.)

The judgment was for $10,000.00, the "other insurance" amounting to $5,000.00 was credited on the judgment, leaving an unpaid balance of $5,000.00, which, under said Agreement F., was covered by appellant's policy as excess over and above such other insurance.
Judgment affirmed.

NOTE.—Reported in 116 N. E. 2d 122.